# In the United States Court of Federal Claims

No. 15-24C

(Filed: September 28, 2015)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| BOARHOG LLC, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant, | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER ON PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES AND COSTS

On July 15, 2015, counsel for Plaintiff filed a motion for recovery of attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), relating to a bid protest that Boarhog filed on January 8, 2015. The Court dismissed this protest for mootness on April 29, 2015 due to the Government's March 31, 2015 notice of corrective action. The Court did not issue a ruling on the merits of the protest. In the course of the proceedings, however, the Court denied Plaintiff's three motions for a temporary restraining order, denied Plaintiff's motion for reconsideration, denied Plaintiff's motion to supplement the administrative record, and rejected Plaintiff's opposition to the Government's motion to correct the administrative record.

The question presented is whether Plaintiff may be regarded as the prevailing party in this case where the Government elected voluntarily to grant Plaintiff the relief it had requested in its bid protest. The Government opposed Plaintiff's motion for attorney's fees on August 17, 2015, asserting that Plaintiff was not the prevailing party, and even if fees are allowed, they are excessive and should be substantially reduced from the claimed amount of $80,411.98. Plaintiff filed a reply in support of its motion on August 28, 2015. Oral argument is unnecessary.

To be eligible for an award of attorney's fees under EAJA, an applicant must be a prevailing party in a proceeding against the United States. 5 U.S.C. § 504(a)(1); 28 U.S.C.

§ 2412(d)(1)(A); <u>Doty v. United States</u>, 71 F.3d 384, 385 (Fed. Cir. 1995).  To qualify as a prevailing party, the applicant must identify a judicially-sanctioned action that caused a "material alteration of the legal relationship of the parties."  <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 604 (2001) (quoting <u>Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.</u>, 489 U.S. 782, 792-93 (1989)); <u>Brickwood Contractors, Inc. v. United States</u>, 288 F.3d 1371, 1379 (Fed. Cir. 2002) (extending <u>Buckhannon's</u> definition of "prevailing party" to EAJA applications).

     A litigant does not qualify as a prevailing party simply because it achieves a favorable outcome through the voluntary conduct of Defendant.  <u>Buckhannon</u>, 532 U.S. at 605 (rejecting the "catalyst theory" as a basis for conferring prevailing party status because it "lacks the necessary judicial imprimatur" on the relationship of the parties).  In particular, dismissal orders for mootness preclude the award of attorney's fees because the Court did not address the merits of Plaintiff's claim.  <u>Id.</u> at 601-605; <u>Rice Servs. Ltd. v. United States</u>, 405 F.3d 1017, 1026 (Fed. Cir. 2005); <u>Ryan v. United States</u>, 75 Fed. Cl. 769, 777-78 (2007).

     The Court also observes that Plaintiff's claim for attorney's fees is excessive, but it need not address this question in light of its conclusion that Plaintiff was not a prevailing party.  Accordingly, Plaintiff's motion for the recovery of attorney's fees and costs is DENIED.

     IT IS SO ORDERED.

                                                s/ Thomas C. Wheeler
                                                THOMAS C. WHEELER
                                                Judge